*1541*    *Cat. 7*
*Fee Paid*

**UNITED STATES DISTRICT COURT for
the WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, STATE OF
CALIFORNIA, STATE OF COLORADO,
STATE OF CONNECTICUT, STATE OF
DELAWARE, DISTRICT OF COLUMBIA,
STATE OF FLORIDA, STATE OF GEORGIA,
STATE OF HAWAII, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA,
STATE OF LOUISIANA, STATE OF
MARYLAND, COMMONWEALTH
OF MASSACHUSETTS, STATE OF
MICHIGAN, STATE OF MINNESOTA,
STATE OF MONTANA, STATE OF
NEVADA, STATE OF NEW HAMPSHIRE,
STATE OF NEW JERSEY, STATE OF NEW
MEXICO, STATE OF NEW YORK, STATE
OF NORTH CAROLINA, STATE OF
OKLAHOMA, STATE OF RHODE ISLAND,
STATE OF TENNESSEE, STATE OF
TEXAS, COMMONWEALTH OF
VIRGINIA, STATE OF WASHINGTON,
STATE OF WISCONSIN, and the
CALIFORNIA DEPARTMENT OF
INSURANCE

*ex rel.* Chad Dietz

        Plaintiffs,

    v.

PHILIPS RESPIRONICS, KONINKLIJKE
PHILIPS N.V., PHILIPS NORTH AMERICA,
SLEEP SOLUTIONS AND SERVICES, LLC,
AEROFLOW HEALTHCARE, INC.,
COMMUNITY SURGICAL SUPPLY,

Civ. Action No. *2:21-cv-272*

*QUI TAM* **COMPLAINT
FILED UNDER SEAL
PURSUANT TO
31 U.S.C. § 3730(b)2
DEMAND FOR JURY TRIAL**

**FILED**

FEB 25 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

2

DOUBEK SURGICAL SUPPLY, GOULD'S
DISCOUNT MEDICAL, FRANCISCAN
HEALTH COMPANIES, MEDSOUTH, INC.,
MONITOR MEDICAL, INC., OWENS
HEALTHCARE, ADAPT HEALTH, PACIFIC
PULMONARY SERVICES, WILLIAMS
BROTHERS HOME HEALTH CARE
PHARMACY, and KESLING HOME
HEALTHCARE

Defendants.

3

## COMPLAINT

On behalf of the United States of America, the State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Florida, State of Georgia, State of Hawaii, State of Illinois, State of Indiana, State of Iowa, State of Louisiana, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Montana, State of Nevada, State of New Hampshire, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oklahoma, State of Rhode Island, State of Tennessee, State of Texas, Commonwealth of Virginia, State of Washington, and the California Department of Insurance, Relator Chad Dietz files this *qui tam* Complaint against Defendants PHILIPS RESPIRONICS, KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS"), PHILIPS NORTH AMERICA, SLEEP SOLUTIONS AND SERVICES, LLC ("S3"), AEROFLOW HEALTHCARE, INC., COMMUNITY SURGICAL SUPPLY, DOUBEK SURGICAL SUPPLY, GOULD'S DISCOUNT MEDICAL, FRANCISCAN HEALTH COMPANIES, MEDSOUTH, INC., MONITOR MEDICAL, INC., OWENS HEALTHCARE, ADAPT HEALTH, PACIFIC PULMONARY SERVICES, WILLIAMS BROTHERS HOME HEALTH CARE PHARMACY, and KESLING HOME HEALTHCARE and alleges as follows:

## INTRODUCTION

1.      This is an action to recover treble damages and civil penalties on behalf of the United States of America, the State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Florida, State of Georgia, State of Hawaii, State of

4

Illinois, State of Indiana, State of Iowa, State of Louisiana, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Montana, State of Nevada, State of New Hampshire, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oklahoma, State of Rhode Island, State of Tennessee, State of Texas, Commonwealth of Virginia, State of Washington, and the California Department of Insurance (collectively, "Government") arising from false or fraudulent claims and/or false statements or records (hereinafter, "False Claims") presented, made, used or caused to be presented, made or used by Defendants PHILIPS RESPIRONICS, KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS"), PHILIPS NORTH AMERICA, SLEEP SOLUTIONS AND SERVICES, LLC ("S3"), AEROFLOW HEALTHCARE, INC., COMMUNITY SURGICAL SUPPLY, DOUBEK SURGICAL SUPPLY, GOULD'S DISCOUNT MEDICAL, FRANCISCAN HEALTH COMPANIES, MEDSOUTH, INC., MONITOR MEDICAL, INC., OWENS HEALTHCARE, ADAPT HEALTH, PACIFIC PULMONARY SERVICES, WILLIAMS BROTHERS HOME HEALTH CARE PHARMACY, and KESLING HOME HEALTHCARE in violation of the federal False Claims Act, 31 U.S.C. § 3729 et seq. (the "FCA"), the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"), and the corresponding false claims statutes of the named state plaintiffs.

2.    Specifically, Defendants provided unlawful remuneration to Durable Medical Equipment Providers ("DMEPs") through Philips' Patient Adherence Management System ("PAMS") program, improperly provided zero percent financing offer to DMEPs, oversampled

5

products, and induced DMEPs and their referral sources to use Philips' products through Continuing Education Units ("CEUs").

3.    Defendants' conduct alleged herein is in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended ("FCA"), the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), and the corresponding false claims statutes of the named state plaintiffs.

## PARTIES

4.    Relator is a resident of the State of Indiana. Relator is a current employee of Philips and has personal knowledge of the violations set forth herein. Relator has approximately ten (10) years of experience in the field of medical device sales at Philips beginning in June 2011 through the present day. Relator started as a sales manager in 2011, covering a territory primarily located in North Carolina and South Carolina.  In 2013, Relator's territory changed to include primarily Indiana and Illinois. Relator moved into a field sales manager position in 2015 that covers a similar territory.  As a result of his professional experience at Philips, Relator gained extensive knowledge of Philips' practices and procedures and all other facts relevant to this action.  Most importantly, Relator learned specific details of Philips' nationwide marketing and kickback scheme.

5.    Philips Respironics ("Philips") is a Pennsylvania corporation with its corporate offices located in Murrysville, Pennsylvania. Philips Respironics manufactures and sells a variety of products and equipment for sleep therapy to treat sleep apnea and other respiratory conditions such as Chronic Obstructive Pulmonary Disease ("COPD").

6

6.      Defendant Royal Philips is a multinational corporation headquartered in Amsterdam, The Netherlands and is the parent company of Philips Respironics. Royal Philips acquired Respironics on or around 2007-2008 leading to what is now called Philips Respironics.

7.      Defendant Philips North America is a subsidiary of Royal Philips and is headquartered in Andover, Massachusetts.

8.      Defendant S3 is a resupply company who works with Philips Respironics on resupplying Philips' equipment and products to DMEPs and patients. S3 is headquartered in Columbia, Tennessee.

9.      Defendant Aeroflow Healthcare, Inc. is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Aeroflow Healthcare, Inc. is located in Asheville, North Carolina.

10.     Defendant Community Surgical Supply is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Community Surgical Supply is located in Toms River, New Jersey.

11.     Defendant Doubek Medical Supply is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Doubek Medical Supply is located in Alsip, Illinois.

12.     Defendant Gould's Discount Medical is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Gould's Discount Medical is located in Louisville, Kentucky.

7

13.    Defendant Franciscan Health is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Franciscan Health is located in Syracuse, New York.

14.    Defendant MedSouth, Inc. is a DMEP that, upon information and belief, participated in Philips' kickback scheme. MedSouth, Inc. is located in Jasper, Alabama.

15.    Defendant Monitor Medical, Inc. is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Monitor Medical, Inc. is located in Sugar Land, Texas.

16.    Defendant Owens Healthcare is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Owens Healthcare is located in Redding, California.

17.    Defendant Adapt Health is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Adapt Health is located in Plymouth Meeting, Pennsylvania.

18.    Defendant Pacific Pulmonary is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Pacific Pulmonary Services is located in Novato, California.

19.    Defendant Williams Brothers Health Care Pharmacy is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Defendant Williams Brothers Health Care Pharmacy is located in Washington, Indiana.

20.    Defendant Kesling Home Health Care is a DMEP that, upon information and belief, participated in Philips' kickback scheme. Kesling Home Health Care is located in Logansport, Indiana.

8

## JURISDICTION AND VENUE

21.     Venue and jurisdiction are the same under the FCA. 31 U.S.C. § 3732. An action may be brought in any judicial district in which any defendant may be found or in which any proscribed act occurred. 31 U.S.C. § 3732(a). The United States District Court for the Western District of Pennsylvania has jurisdiction and venue for any Complaint brought in the matter because Defendant Philips Respironics is located in this district and many of the proscribed acts occurred in this district.

22.     Relator is unaware of any "public disclosure" in connection with the false claims alleged in this Complaint, as defined in 31 U.S.C. § 3730(e)(4)(A).  Further, to the extent that any of the information in this Complaint has been publicly disclosed, Relator's allegations in this Complaint are not based on such public disclosures.

23.     Additionally, Relator is an original source of the information upon which the allegations are based because he has direct and independent knowledge of it acquired over the course of his employment and other business relationships with Defendants.

24.     Pursuant to 31 U.S.C. § 3730(b)(2), the Relator must provide the Government with a copy of the Complaint and/or a written disclosure of substantially all material evidence and material information in their possession contemporaneous with the filing of the Complaint. Relator has complied with this provision by serving their pre-suit Disclosure Statement with

9

attached exhibits upon Jennifer R. Andrade, Esq., Assistant United States Attorney for the Western District of Pennsylvania on January 11, 2021.

25.    In further compliance with 31 U.S.C. §3730(b)(2), Relator shall, contemporaneously with the filing of this Complaint, serve copies of this Complaint upon the Assistant United States Attorney for the Western District of Pennsylvania, the Honorable Attorneys General of the named state plaintiffs and on the Honorable Monty Wilkinson, Esq. (acting), Attorney General of the United States.

26.    In further compliance with 31 U.S.C. § 3730(b)(2), this Complaint is being filed *in camera* and will remain under seal for a period of at least sixty days and shall not be served on the Defendants until the Court so orders.

## GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT

### A.  THE FALSE CLAIMS ACT

27.    Originally enacted in 1863, Congress substantially amended the FCA in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained because of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

28.    The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval;" or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim;" or "knowingly makes, uses, or causes to be made or used, a false

10

record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. 3729(a)(1)(A), (B), (G). Any person found to violate these provisions is liable for a civil penalty of up to $11,000 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government.

29.     Significantly, the FCA imposes liability where the conduct is merely "in reckless disregard of the truth or falsity of the information" and further clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. 3729(b)(1).

30.     The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that — (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government — (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

31.     The *qui tam* provision of the FCA allows private persons with information regarding a false or fraudulent claim against the Government to bring an action on behalf of the

11

Government and to share in the proceeds of any recovery. The complaint must be filed under seal without service on any Defendants.

32.      The complaint remains under seal while the Government investigates the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

## B. THE ANTI-KICKBACK STATUTE

33.      The Anti-Kickback Statute provides penalties for individuals or entities that, among other things, knowingly and willfully *offer or pay* remuneration to induce the referral of business reimbursable under Government-Funded Health Programs. 42 U.S.C. § 1320a-7b(b). A violation of the Anti-Kickback Statute is considered a felony, punishable by a fine of up to $25,000 and imprisonment for up to five years.

34.      The Anti-Kickback Statute also authorizes exclusion of an individual or entity from participation in Government-Funded Health Programs if it is determined that the party violated its provisions and further provides for a $50,000 administrative sanction for each act by an individual or entity found to be in violation and an assessment of not more than three times the amount of remuneration offered, paid, solicited or received, without regard to whether a portion of such remuneration was offered, paid, solicited or received for a lawful purpose. 42 U.S.C. § 1320a-7a(a)(10).

12

35.     The 2010 Patient Protection and Affordable Care Act (the "ACA") changed the language of the AKS to provide that claims submitted in violation of the statute automatically constitute false claims for purposes of the FCA. 31 U.S.C. §§ 3729–3733.

36.     Further, "a person need not have actual knowledge…or specific intent to commit a violation" eliminating – or severely limiting – a defendant's ability to successfully argue they did not know they were violating the FCA and the AKS. 18 U.S.C. § 1347.

## C. THE STATE ACTS

37.     While the State Acts vary slightly, each generally prohibits persons from knowingly presenting, or causing to be presented, false or fraudulent claims for payment or approval under Government funded health programs, such as Medicaid. Like the FCA, the State Acts further impose liability on those who aid and abet, or conspire to commit, to defraud the State or local government.

38.     The State Acts also contain a *qui tam* provision allowing a private person to bring a civil action for a violation of the act on behalf of the state.  The share of the proceeds a successful relator can claim under these laws are similar to the federal standards of 15% to 25% for an intervened case and from 25% to 30% for a non-intervened case.

13

## FEDERALLY FUNDED HEALTH INSURANCE PROGRAMS

### A. MEDICARE

39.     Medicare is a federally-funded health insurance program for the elderly and persons with certain disabilities, providing both hospital insurance, Medicare Part A, which covers the cost of inpatient hospital services and post-hospital nursing facility care, and medical insurance, Medicare Part B, which covers the cost of the physician's services such as services to patients who are hospitalized, if the services are medically necessary and personally provided by the physician.

40.     Medicare payments come from the Medicare Trust Fund, which is funded primarily by payroll deductions taken from the United States work force through mandatory Social Security deductions.

41.     Medicare is generally administered by the Centers for Medicare and Medicaid Services ("CMS"), which is an agency of the Department of Health and Human Services ("HHS").  CMS establishes rules for the day-to-day administration of Medicare.  CMS contracts with private companies to administer day-to-day operations of Medicare.

42.     CMS, through contractors, maintains and distributes fee schedules for the payment of physician services.  These schedules specify the amounts payable for defined types of medical services and procedures.

14

## B. MEDICAID

43.     Medicaid is a state and federal assistance program to provide payment of medical expenses for low-income patients.  Medicaid was created in 1965 in Title XIX of the Social Security Act.

44.     Funding for Medicaid is shared between the Federal Government and state programs that choose to participate in Medicaid.

45.     At all relevant times, applicable Medicaid regulations relating to coverage of claims by providers and physicians have been substantially similar in all material respects to the applicable Medicare provisions described above.

## C. TRICARE

46.     TRICARE is a federal program which provides civilian health benefits for military personnel, military retirees, and their families.  TRICARE is administered by the Defense Health Agency under the Department of Defense and funded by the Federal Government.  See 32 C.F.R. 199.17.

47.     At all relevant times, applicable TRICARE regulations relating to coverage of claims by providers and physicians have been substantially similar in all material respects to the applicable Medicare provisions described above.

## D. FEDERAL EMPLOYEES HEALTH BENEFIT PROGRAM ("FEHBP")

48.     FEHBP provides health insurance coverage for nearly 8.7 million federal employees, retirees and their dependents.

15

49.     It is a collection of individual healthcare plans, including the Blue Cross and Blue Shield Association, Government Employees Hospital Association and Rural Carrier Benefit Plan.

50.     The Office of Personnel Management manages FEHBP plans that collectively pay more than $2 billion annually in prescription drug benefits.

51.     Medicare, Medicaid, TRICARE, FEHBP, and other similar federal programs are referred to collectively herein as "Government-Funded Health Programs."

## COURSE OF CONDUCT

52.     Defendants provided unlawful remuneration to Durable Medical Equipment Providers ("DMEPs") through Philips' Patient Adherence Management System ("PAMS") program.

53.     Defendants improperly provided zero percent financing offer to DMEPs and oversampled products.

54.     Defendants induced DMEPs and their referral sources to use Philips' products through Continuing Education Units ("CEUs").

### A.  Unlawful Remuneration to DMEPs through Philips' PAMS Program

55.     Defendants regularly offered and made unlawful financial inducements to DMEPs to encourage the use of Philips equipment and/or to switch from competitor products.

16

56.     Defendants have done this before in a different, but related, scheme. In 2016, Defendants agreed to pay $34.8M to resolve allegations of False Claims Act violations for paying kickbacks in the form of free call center services to DMEPs that bought Philips masks for patients with sleep apnea.

57.     This resolution resulted in Defendants entering into a Corporate Integrity Agreement ("CIA"), violations of which trigger treble damages.

58.     As part of the CIA Philips and DMEPs they contracted with entered into a Sleep and Home Respiratory Purchase Agreement ("SHRPA") that contained terms controlling the sale and use of Philips' equipment and products.

59.     Philips and DMEP Defendants continually violated these SHRPAs by buying and selling and renting Philips' equipment at terms lower than those required by the SHRPAs and below fair market value.

60.     Additionally, Philips has also taken other approaches to these unlawful financial inducements that were previously unknown.

61.     Philips' management developed such schemes to lure DMEPs and patients to use Philips' equipment as part of their Patient Adherence Management Services ("PAMS") program.

62.     PAMS is a service provided by Philips to their DMEP customers for patient adherence within the first 90 days of respiratory therapy. This program is very labor intensive.

63.     PAMS is designed to first get patients to use Philips' equipment and then sell more supplies and equipment to them later, thereby capturing market share from competitors.

17

64.     S3, an independent company that is aggressively marketed by Philips, is a major source of Philips' resupply for many DMEPs and further aid in Philips capturing and retaining market share from Philips competitors. S3 pushes Philips' equipment and products in resupply to DMEPs by offering kickbacks for switching to Philips' equipment and products, and Philips markets S3 to DMEPs, which generates substantial revenue for both Philips and S3. Philips has essentially enlisted S3 to help run the unlawful scheme.

65.     When a patient is diagnosed by a healthcare provider with sleep apnea or other respiratory condition, he or she may be prescribed a CPAP or BiPAP machine or similar device to treat his or her issue. That prescription would include time at a sleep lab for a sleep study with specific settings on the respiratory device prescribed by the healthcare provider (e.g. CPAP machine).

66.     The sleep lab is a referral source of a DMEP that buys and rents respiratory equipment. After agreeing to resolve previous False Claims with the Government, Philips set the price for DMEPs to enroll patients in the PAMS program at $45 per patient.

67.     Philips has further induced these DMEPs by drastically lowering the enrollment fee per patient from $45 to $35 to $25 and sometimes all the way down to as low $15, well outside the realm of fair market value, to acquire business from DMEPs.

68.     The return on investment from enrolling patients in the PAMS program is substantial. These DMEPs supply products to patients, either directly or via their own clients, such as sleep laboratories.

18

69.    By continuing to reduce the PAMS program enrollment fee to $25 or all the way down to $15 per patient in some instances, Philips induces more DMEPs to enroll patients in the PAMS program which sells more Philips equipment and products and provides the DMEPs with a greater return on investment.

70.    Philips has estimated that the wholesale resupply cost per patient per year is $348. The cost to Government-Funded Health Programs or private insurance providers is substantially higher. The cost is estimated at roughly $800-$900 per year for the life of the patient.

71.    Although the labor-intensive nature of the PAMS program does not change when Philips reduced the enrollment cost from $45 to as low as $15, the return on investment to both Philips and the DMEPs goes up substantially and the inducement helps both acquire more business.

72.    The PAMS program is only available to patients using Philips equipment.

73.    The goal of the PAMS program is to get patients using the Philips' equipment properly and in compliance with the prescription set for them by their healthcare provider. The PAMS program lasts for 90 days. If a patient upgrades from the CPAP device to BiPAP device, PAMS extends another 30 days at no additional charge.

74.    Over this 90-day period of the PAMS program, Government-Funded Health Programs, or other form of private insurance, pay for the treatment that the patient enrollee is receiving. Included in this one-time fee inducing DMEPs to join the PAMS program, are an average of seven phone calls per patient over a period of 90 days.

19

75.     The labor requirement of this program is substantial. This fee does not change, no matter how many "touches," or phone calls, from a sleep coach, are required, to monitor whether patients are using the equipment properly for compliance purposes.

76.     Sleep coaches are also available for inbound calls if a patient requires them to become, or stay, compliant.

77.     The role of the sleep coaches is to ensure patients are doing whatever they need to do to get or remain compliant with the proper use of the equipment and their healthcare provider's prescription. The PAMS program ensures that the patients enrolled in the program remain compliant so that after the 90-day period of the PAMS program concludes Medicare continues to pay for the patients' treatment.

78.     A compliant patient means more Philips equipment, including CPAP and BiPAP supplies, sold by Philips to their DMEPs. This equipment can cost thousands of dollars and are often recurring costs for resupply or replacement parts on what may be a lifetime of treatment.

79.     Philips knows lowering the price of enrollment in the PAMS program gets patients to use Philips equipment thus making them significant more money in the long term. PAMS is a program designed to ensure the majority of patients pass the minimum compliance threshold for Government-Funded Health Programs to continue payment over the course of the equipment rental period.

80.     PAMS allows Philips to sell DMEPs more of Philips' equipment and CPAP and BiPAP devices. Government-Funded Health Programs, or other private insurance provider, are

20

then billed by the DMEPs for these additional induced product sales, which are a result of the PAMS program.

81.    Philips knows that this enrollment fee is not at fair market value as they know the fees charged for other associated services provided by Philips and their DMEP partners.

82.    For example, Defendants work with a company called InHealth that helps Philips and other DMEPs monitor patients already on Philips' equipment to ensure continued compliance with their healthcare provider's prescription to keep patients on Philips equipment. Philips markets InHealth's service to healthcare providers for preventive billing and chronic care codes and in return InHealth will monitor patients on Philips' products to ensure compliance and resupply of Philips' products to these patients. For this service, InHealth bills Government Health Program approximately $100 per call to the patient. The price for patients already using Philips' equipment is drastically different to that charged for a much more labor-intensive process to acquire patients for a one-time $15 enrollment fee in the PAMS program.

83.    Additionally, Philips offers their Home Delivery Remote Set-Up service ("HDRS") to patients needing assistance setting up the device at their home., The HDRS is used for patients who live in remote locations and/or who want help setting up the equipment.. For this service, Philips charges DMEPs approximately $65-$80. That price includes the estimated $6-$10 shipping rate that Philips has with FedEx, however, the rest of the fee is for one phone call lasting approximately forty-five minutes.

21

84.     Again, within the PAMS program, for a one-time fee as low as $15, patients are provided numerous and consistent touches from sleep coaches, yet when a patient becomes a reliable user of Philips equipment and products, the fees rise drastically. It is clear Philips knows the fair market value of these services, but when it comes to acquiring patients, Philips offers them at a well below fair market value rate to induce them to utilize their products.

**B. Defendants' Zero Percent Financing and Free Offers to DMEPs, and Oversampling**

85.     Defendants provides DMEPs interest rates as low as 0% for the sale of its equipment and other products as an inducement to DMEPs to purchase Philips' equipment.

86.     Philips provides DMEPs with free use of its smartphone app that allows patients to be virtually fitted for Philips' masks. The smartphone app will provide patients with 2D renderings of their faces to aid in selecting a mask suitable for each individual. Philips' competitors charge DMEPs for use of their smartphone apps.

87.     Philips also provides free installations of equipment, including training, for sleep centers despite Philips own documents showing this service has significant value.

88.     Since the COVID-19 pandemic began, Philips provides samples to DMEPs who never requested them, at no cost. Samples are being provided to Medicare patients to secure the re-supply business that Philips seeks.

89.     Philips repeatedly makes it a practice of inducing DMEPs to have patients use Philips' equipment and products because it knows that acquiring patients at a cost well below fair

22

market value makes Philips a significant amount of money per patient over the course of that patient's treatment and continued usage of Philips' products.

**C. Defendants' Inducement of DMEPs and their referral sources to use Philips' products through CEUs.**

90.    Philips induces DMEPs into buying, and subsequently inducing patients to use, Philips' equipment by offering them CEUs at no cost through a third party with ties to Philips.

91.    CEUs, as previously mentioned, are credits for training sessions and other classes that respiratory technicians and other healthcare providers are required to obtain to keep their licenses current.

92.    Though it may vary, on average, respiratory technicians and sleep technicians need approximately 20 CEUs annually to maintain their license.

93.    Philips partners with a company called Ganesco for training sessions and other classes that earn respiratory technicians CEUs. Ganesco is an independent company created by two former Philips' employees that ran their in-house education department.

94.    The Ganesco CEU program exclusively uses Philips' equipment, including CPAP devices, BiPAP devices, noninvasive respirators, oxygen concentrators, nebulizers, and other respiratory devices, in their training workshops. As such, Philips knows that respiratory technicians need CEUs to maintain their licenses and induces them to use Ganesco's platform by offering them free CEUs that they would otherwise need to pay.

23

95.   Philips pays Ganesco for the training sessions and online courses and then offers credits to the DMEPs and their sleep technicians, respiratory therapists, and other healthcare providers.

96.   Philips provides DMEPs with an entire roadmap for signing up and taking these training sessions and online courses, complete with sign-up instructions and walk throughs on how to use Ganesco.

97.   This inducement to the DMEPs gets them, their referral sources and their respiratory technicians using Philips' equipment and products. As further inducement, certain parts of the training sessions and online courses earning CEUs are specific to Philips' equipment such as the Trilogy Evo. Philips is unlawfully inducing DMEPs to use Philips' products.

98.   DMEPs are clearly aware of the kickback scheme as they have asked Philips employees what type of CEU opportunities that can be offered to them at no cost to earn the CEU credits.

99.   The value of these CEU credits is substantial to DMEPs, who would normally pay for their staff to take the classes and obtain the credits. In some instances, as many as 150 people are participating in a CEU workshop.

100.  Not only is Philips using this kickback scheme with their DMEP customers, but also referral sources of these DMEPs.

101. The CEU program is so successful that extending it to DMEPs and their referral sources further induces key decision makers at hospitals and sleep labs across the country to continue to use Philips products.

102. Defendants are using credits for CEUs as currency to do whatever they can to induce DMEPs to buy and use Philips' equipment and products.

**D. Defendants Deceptive and Improper Billing Practices**

103. Upon information and belief Defendants also engaged in a pattern and practice of deceptively and improperly billing Government-Funded Health Programs or private insurance for unsold or otherwise freely given Philips' equipment and masks.

104. Government-Funded Health Programs or private insurance typically reimburse Defendants for the Philips' equipment that is sold to patients to treat their respiratory conditions. However, it is believed that Defendants and/or its DMEPs customers regularly and routinely billed, and continue to bill, for samples that are being provided to DMEPs at no cost. It is likely that these samples are then given to patients and billed to Government-Funded Health Programs or private insurance.

105. This practice is a direct attempt by Defendants and/or its DMEPs customers to maximize and capture the total amount of money paid by Government-Funded Health Programs or private insurance, regardless of the medical need of the patient being treated and/or whether the product was actually used on, or sold to, the patient at all. This is another form of kickback Defendants are providing.

25

## CLAIMS FOR RELIEF

### COUNT I
### False Claims Act: Presentation of False Claims
### 31 U.S.C. § 3729(a)(1)(A)

106.    Relator repeats and incorporates by reference the allegations above as if fully contained herein.

107.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have "knowingly present[ed], or cause[d] to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval" in violation of 31 U.S.C. § 3729(a)(1).

108.    As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

26

## COUNT II
### False Claims Act: Making or Using a False Record
### or Statement to Cause Claim to be Paid
### 31 U.S.C. § 3729(a)(1)(B)

109.    Relator repeats and incorporates by reference the allegations above as if fully

contained herein.

110.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts

alleged herein, the Defendants have "knowingly ma[de], use[d], or cause[d] to be made or used,

a false record or statement – *i.e.*, the false certifications and representations made or caused to be

made by the Defendants – to get a false or fraudulent claim paid or approved by the

Government" in violation of 31 U.S.C. § 3729(a)(2).

111.    As a result of Defendants' acts, the United States has been damaged, and

continues to be damaged, in a substantial amount to be determined at trial, and the United States

is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim

submitted on or before November 2, 2015 and up to $21,563 for violations committed after

November 2, 2015, plus three times the amount of the damages sustained by the Government for

each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as

described herein. See 28 C.F.R. §§ 85.3(a)(9).

## COUNT III
### False Claims Act: Conspiracy to Commit a Violation
### 31 U.S.C. § 3729(a)(1)(C)

112. Relator repeats and incorporates by reference the allegations above as if fully contained herein.

113. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants and its agents have "conspire[d] to commit a violation of subparagraph (A), (B), (D)…or (G)" in violation of 31 U.S.C. §3729(a)(1)(C).

114. As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

## COUNT IV
### False Claims Act: Knowingly Delivers Less Than All of
### Government's Property in Defendants' Possession
### 31 U.S.C. §3729(a)(1)(D)

115. Relator repeats and incorporates by reference the allegations above as if fully contained herein.

28

116.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants "ha[d] possession, custody, or control of property or money used, or to be used, by the Government and knowingly deliver[ed], or cause[d] to be delivered, less than all of that money or property" in violation of 31 U.S.C. §3729(a)(1)(D).

117.    As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

## COUNT V
### False Claims Act: Knowingly Conceals or Improperly Avoids an Obligation to Pay Money to the Government
### 31 U.S.C. §3729(a)(1)(G)

118.    Relator repeats and incorporates by reference the allegations above as if fully contained herein.

119.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases and

29

obligation to pay or transit money or property to the Government: in violation of 31 U.S.C. §3729(a)(1)(G).

120.    As a result of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial, and the United States is entitled to at least $5,000 and as much as $11,000 for each such false or fraudulent claim submitted on or before November 2, 2015 and up to $21,563 for violations committed after November 2, 2015, plus three times the amount of the damages sustained by the Government for each and every violation of 31 U.S.C. § 3729 arising from Defendants' unlawful conduct as described herein. See 28 C.F.R. §§ 85.3(a)(9).

## COUNT VI
### California False Claims Act
### Cal. Gov't Code §§ 12651(a)(1), (2), (3) and (7)

121.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

122.    This is a civil action brought by Relator on behalf of the State of California against Defendants under the California False Claims Act, Cal. Gov't Code § 12652(c).

123.    This is a claim for treble damages and penalties under the California False Claims Act. Cal. Gov't Code § 12651(a).

124.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented to, and may still be presenting or causing to be presented to, an officer or

30

employee of the State of California or its political subdivisions, false or fraudulent claims for payment, in violation of Cal. Gov't Code § 12651(a)(1).

125.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to get false or fraudulent claims paid or approved in violation of Cal. Gov't Code § 12651(a)(2).

126.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the State of California or its political subdivisions in violation of Cal. Gov't Code § 12651(a)(7).

127.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of California by inducing it to approve and pay false and fraudulent claims, in violation of Cal. Gov't Code § 12651(a)(3).

128.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the State of California or its political subdivisions in violation of Cal. Gov't Code § 12651(a)(7).

129.    The State of California, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

130.    As a result of Defendants' conduct, the State of California has been damaged, and continues to be damaged, in an amount to be determined at trial.

131.    The State of California is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT VII
### Colorado Medicaid False Claims Act
### Co. Rev. Stat. § 25.5-4-303.5 *et seq.*

132.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

133.    This is a civil action brought by Relator, on behalf of the State of Colorado, against Defendants pursuant to the State of Colorado Medicaid False Claims Act, Colo. Rev. Stat. § 25.5-4-306(2)(a).

134.    This is a claim for treble damages and penalties under the Colorado Medicaid False Claims Act. Colo. Rev. Stat. Ann. § 25.5-4-305(1)

135.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or

32

caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval to an officer or employee of the state of Colorado under the Colorado Medical Assistance Act, in violation of Colo. Rev. Stat. Ann. § 25.5-4-305(1)(a).

136.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to false or fraudulent claims for payment or approval to an officer or employee of the State of Colorado under the Colorado Medical Assistance Act, in violation of Colo. Rev. Stat. Ann. § 25.5-4-305(1)(b).

137.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the state in connection with the Colorado Medical Assistance Act, in violation of Colo. Rev. Stat. Ann. § 25.5-4-305(1)(f).

138.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Colorado by inducing it to approve and pay false and fraudulent claims, in violation of Colo. Rev. Stat. Ann. § 25.5-4-305(1)(g).

139.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or

33

improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the state in connection with the Colorado Medical Assistance Act, in violation of Colo. Rev. Stat. Ann. § 25.5-4-305(1)(f).

140.    The State of Colorado, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

141.    As a result of Defendants' conduct, the State of Colorado has been damaged, and continues to be damaged, in an amount to be determined at trial.

142.    The State of Colorado is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT VIII**
**Connecticut False Claims Act,**
**Conn. Gen. Stat. § 17b-301a *et seq*.**

143.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

144.    This is a civil action brought by Relator, on behalf of the State of Connecticut, against Defendants pursuant to the State of Connecticut False Claims for Medical Assistance Programs, Conn. Gen. Stat. Ann. § 4-277(a).

145.    This is a claim for treble damages and penalties under the Connecticut False Claims Act. Conn. Gen. Stat. Ann. § 4-275(b)(2).

34

146.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval under medical assistance programs administered by the Department of Social Services of the state of Connecticut, in violation of Conn. Gen. Stat. Ann. § 4-275(a)(1).

147.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to false or fraudulent claims for payment or approval under medical assistant programs administered by the Department of Social Services of the state of Connecticut, in violation of Conn. Gen. Stat. Ann. § 4-275(a)(2).

148.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the state under medical assistance programs administered by the Department of Social Services of the state of Connecticut, in violation of Conn. Gen. Stat. Ann. § 4-275(a)(7).

35

149.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Connecticut by inducing it to approve and pay false and fraudulent claims, in violation of Conn. Gen. Stat. Ann. § 4-275(a)(3).

150.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the state under medical assistance programs administered by the Department of Social Services of the State of Connecticut, in violation of Conn. Gen. Stat. Ann. § 4-275(a)(8).

151.    The State of Connecticut, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

152.    As a result of Defendants' conduct, the State of Connecticut has been damaged, and continues to be damaged, in an amount to be determined at trial.

153.    The State of Connecticut is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT IX**
**Delaware False Claims and Reporting Act,**
**Del. Code Ann. tit. 6, § 1201, *et seq.***

36

154.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

155.    This is a civil action brought by Relator on behalf of the State of Delaware against Defendants under the State of Delaware's False Claims and Reporting Act, Del. Code Ann. tit. 6, § 1203(b)(1).

156.    This is a claim for treble damages and penalties under the Delaware False Claims and Reporting Act, Del. Code Ann. tit. 6, §1201(a)(7).

157.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, directly or indirectly, to an officer or employee of the Government of the State of Delaware false or fraudulent claims for payment or approval, in violation of Del. Code Ann. tit. 6, §1201(a)(1).

158.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, directly or indirectly, false records or statements to get false or fraudulent claims paid or approved, in violation of Del. Code Ann. tit. 6, §1201(a)(2).

159.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Delaware by inducing it to approve and pay false and fraudulent claims, in violation of Del. Code Ann. tit. 6, §1201(a)(3).

37

160.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, increase or decrease an obligation to pay or transmit money to the Government of Delaware, in violation of Del. Code Ann. tit. 6, § 1201(a)(7).

161.    The State of Delaware, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

162.    As a result of Defendants' conduct, the State of Delaware has been damaged, and continues to be damaged, in an amount to be determined at trial.

163.    The State of Delaware is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT X
### District of Columbia False Claims Act,
### D.C. Code Ann. § 2-381.01, *et seq*

164.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

165.    This is a civil action brought by Relator, on behalf of the District of Columbia against Defendants under the District of Columbia False Claims Act, D.C. Code Ann. § 2-381.03(b)(1).

38

166.    This is a claim for treble damages and penalties under the District of Columbia False Claims Act. D.C. Code Ann. § 2-381.02(a).

167.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, to an officer or employee of the District, a false or fraudulent claim for payment or approval, in violation of D.C. Code Ann. § 2-381.02(a)(l).

168.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may continue to be making, using, or causing to be made or used, false records and/or statements to get false claims paid or approved by the District, in violation of D.C. Code Ann. § 2-381.02(a)(2).

169.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the District of Columbia by inducing it to approve and pay false and fraudulent claims, in violation of D.C. Code Ann. § 2-381.02(a)(7).

170.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made or used, or caused to be made or used, and may still be making or using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the District, in violation of D.C. Code Ann. § 2-381.02(a)(6).

39

171.    The District of Columbia, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

172.    As a result of Defendants' conduct, the District of Columbia has been damaged, and continues to be damaged, in an amount to be determined at trial.

173.    The District of Columbia is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XI**
**Florida False Claims Act**
**Fla. Stat. Ann. §§ 68.082,** *et seq.*

174.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

175.    This is a civil action brought by Relator on behalf of the State of Florida against Defendants under the State of Florida's False Claims Act, Fla. Stat. Ann. § 68.083(2).

176.    This is a claim for treble damages and penalties under the Florida False Claims Act. Fla. Stat. Ann. § 68.082(2).

177.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, to officers or

40

employees of the State of Florida or one of its agencies false or fraudulent claims for payment or approval, in violation of Fla. Stat. Ann. § 68.082(2)(a).

178. Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to get false or fraudulent claims paid or approved by the State of Florida or one of its agencies, in violation of Fla. Stat. Ann. § 68.082(2)(b).

179. Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Florida by inducing it to approve and pay false and fraudulent claims, in violation of Fla. Stat. Ann. § 68.082(2)(c).

180. Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Florida or one of its agencies, in violation of Fla. Stat. Ann. § 68.082(2)(g).

181. The State of Florida, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

182. As a result of Defendants' conduct, the State of Florida has been damaged, and continues to be damaged, in an amount to be determined at trial.

183.    The State of Florida is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XII
### Georgia False Medicaid Claims Act,
### Ga. Code Ann. § 49-4-168, *et seq.*

184.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

185.    This is a civil action brought by Relator, on behalf of the State of Georgia, against Defendants pursuant to the State of Georgia False Medicaid Claims Act, Ga. Code Ann. § 49-4-168.2(b).

186.    This is a claim for treble damages and penalties under the Georgia False Medicaid Claims Act. Ga. Code Ann. § 49-4-168.1(a).

187.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to presented, and may still be presenting or causing to be presented to the Georgia Medicaid program false or fraudulent claims for payment or approval, in violation of Ga. Code Ann. § 49-4-168.1(a)(1).

188.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to false or fraudulent claims, in violation of Ga. Code Ann. § 49-4-168.1(a)(2).

43

189.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit property or money to the Georgia Medicaid program, in violation of Ga. Code Ann. § 49-4-168.1(a)(7).

190.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Georgia by inducing it to approve and pay false and fraudulent claims, in violation Ga. Code Ann. § 49-4-168.1(a)(3).

191.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit property or money to the Georgia Medicaid program, in violation of Ga. Code Ann. § 49-4-168.1(a)(7).

192.    The State of Georgia, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

193.    As a result of Defendants' conduct, the State of Georgia has been damaged, and continues to be damaged, in an amount to be determined at trial.

194.    The State of Georgia is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XIII
### Hawaii False Claims Act,
### Haw. Rev. Stat. Ann. § 661-21, *et seq.*

195.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

196.    This is a civil action brought by Relator on behalf of the State of Hawaii and its political subdivisions against Defendants under the Hawaii False Claims Act, Haw. Stat. Ann § 661-25(a)

197.    This is a claim for treble damages and penalties under the Hawaii False Claims Act. Haw. Rev. Stat. Ann. § 661-21(a)

198.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, to officers or employees of the State of Hawaii, or its political subdivisions, false or fraudulent claims for payment or approval, in violation of Haw. Rev. Stat. Ann. § 661-21(a)(l).

199.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made and used, and may still be making, using or causing to be made or used, false

45

records or statements to get false or fraudulent claims paid or approved by the State of Hawaii, or its political subdivisions, in violation of Haw. Rev. Stat. Ann. § 661-21(a)(2).

200.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the State of Hawaii, or its political subdivisions, in violation of Haw. Rev. Stat. Ann. § 661-21(a)(6).

201.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Hawaii by inducing it to approve and pay false and fraudulent claims, in violation of Haw. Rev. Stat. Ann. § 661-21(a)(8).

202.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased obligations to pay or transmit money to the State of Hawaii, or its political subdivisions, in violation of Haw. Rev. Stat. Ann. § 661-21(a)(6).

203.    The State of Hawaii, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

204.    As a result of Defendants' conduct, the State of Hawaii has been damaged, and continues to be damaged, in an amount to be determined at trial.

46

205.    The State of Hawaii is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XIV
### Illinois Whistleblower Reward and Protection Act
### 740l. Comp. Stat. §§ 175/3, *et seq.*

206.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

207.    This is a civil action brought by Relator on behalf of the State of Illinois against Defendants under the State of Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. Ann. § 175/4(b).

208.    This is a claim for treble damages and penalties under the Illinois Whistleblower Reward and Protection Act. 740 Ill. Comp. Stat. § 175/3(a).

209.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, to an officer or employee of the State of Illinois or a member of the Illinois National Guard a false or fraudulent claim for payment or approval, in violation of 740 Ill. Comp. Stat. Ann. § 175/3(a)(1)(A).

210.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, a

47

false record or statement to get a false or fraudulent claim paid or approved by the State of Illinois, in violation of 740 Ill. Comp. Stat. Ann. § 175/3(a)(1)(B).

211.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the State of Illinois, in violation of 740 Ill. Comp. Stat. Ann. § 175/3(a)(1)(G).

212.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Illinois by inducing it to approve and pay false and fraudulent claims, in violation of 740 Ill. Comp. Stat. § 175/3(a)(1)(C).

213.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing obligations to pay or transmit money to the State of Illinois, in violation of 740 Ill. Comp. Stat. Ann. § 175/3(a)(1)(G).

214.    The State of Illinois, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

215.    As a result of Defendants' conduct, the State of Illinois has been damaged, and continues to be damaged, in an amount to be determined at trial.

48

216.     The State of Illinois is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XV
### Indiana False Claims and Whistleblower Protection Act,
### Ind. Code Ann. § 5-11-5.5, *et seq.*

217.     Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

218.     This is a civil action brought by Relator on behalf of the State of Indiana against Defendants under the State of Indiana False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.5-4(a).

219.     This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act. Ind. Code Ann. §§ 5-11-5.5-2(b)

220.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval, in violation of Ind. Code Ann. §§ 5-11-5.5-2(b)(l), (8).

221.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, a

49

false record or statement to obtain payment or approval of false claims by the State of Indiana, in violation of Ind. Code Ann. §§ 5-11-5.5-2(b)(2), (8).

222.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Indiana by inducing it to approve and pay false and fraudulent claims, in violation of Ind. Code Ann. §§ 5-11-5.5-2(b)(7).

223.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements to avoid an obligation to pay or transmit money to the State of Indiana, in violation of Ind. Code Ann. §§ 5-11-5.5-2(b)(6),(8).

224.    The State of Indiana, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

225.    As a result of Defendants' conduct, the State of Indiana has been damaged, and continues to be damaged, in an amount to be determined at trial.

226.    The State of Indiana is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XVI**
**Iowa False Claims Act,**
**Iowa Code Ann. § 685.1,** *et seq.*

227.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

228.    This is a civil action brought by Relator on behalf of the State of Iowa against Defendants under the State of Iowa False Claims Act, Iowa Code Ann. § 685.3(2)(a).

229.    This is a claim for treble damages and penalties under the Iowa False Claims Act. Iowa Code Ann. § 685.2(1)

230.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval, in violation of Iowa Code Ann. § 685.2(1)(a).

231.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, a false record or statement to obtain payment or approval of false claims by the State of Iowa, in violation of Iowa Code Ann. § 685.2(1)(b).

232.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false

51

records or statements material to obligations to pay or transmit money or property to the state of Iowa, in violation of Iowa Code Ann. § 685.2(1)(g).

233.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Iowa by inducing it to approve and pay false and fraudulent claims, in violation of Iowa Code Ann. § 685.2(1)(c).

234.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing and improperly avoiding or decreasing obligations to pay or transmit money to the State of Iowa, in violation of Iowa Code Ann. § 685.2(1)(g).

235.    The State of Iowa, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

236.    As a result of Defendants' conduct, the State of Iowa has been damaged, and continues to be damaged, in an amount to be determined at trial.

237.    The State of Iowa is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XVII
### Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:437.1, *et seq.*

52

238.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

239.    This is a civil action brought by Relator on behalf of the State of Louisiana's medical assistance programs against Defendants under the State of Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:439.1(A).

240.    This is a claim for treble damages and penalties under the Louisiana Medical Assistance Programs Integrity Law. La. Rev. Stat. Ann. § 46:438.6(B)(1)

241.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims, in violation of La. Rev. Stat. Ann. § 46:438.3(A).

242.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, engaged in misrepresentation, and may still be engaging in misrepresentation, or made, used, or caused to be made, and may still be making, using, or causing to be made, false records or statements to obtain, or attempt to obtain, payment from medical assistance programs funds, in violation of La. Rev. Stat. Ann. § 46:438.3(B).

243.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used,

53

or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the medical assistance programs of the state of Louisiana, in violation of La. Rev. Stat. Ann. § 46:438.3(C).

244.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, attempted to defraud the Louisiana state medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim, in violation of La. Rev. Stat. Ann. § 46:438.3(D).

245.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Louisiana by inducing it to approve and pay false and fraudulent claims, in violation of La. Rev. Stat. Ann. § 46:438.3(D).

246.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, submitted, and may continue to submit, claims for goods, services or supplies which were medically unnecessary in violation of La. Rev. Stat. Ann. § 46:438.3(E)(1).

247.    The State of Louisiana, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

248.    As a result of Defendants' conduct, the State of Louisiana has been damaged, and continues to be damaged, in an amount to be determined at trial.

54

249.    The State of Florida is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XVIII
### Maryland False Health Claims Act,
### Md. Code Ann., Health-gen. § 2-601, *et seq.*

250.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

251.    This is a civil action brought by Relator on behalf of the State of Iowa against Defendants under the State of Maryland False Health Claims Act, Md. Code Ann., Health-Gen. § 2-604(a)(1)(i).

252.    This is a claim for treble damages and penalties under the Maryland False Health Claims Act. Md. Code Ann., Health-Gen. § 2-602(b)(1)(ii).

253.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(1).

254.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, a

55

false record or statement to obtain payment or approval of false claims by the State of Iowa, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(2).

255.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money to the State of Iowa, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(7).

256.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Maryland by inducing it to approve and pay false and fraudulent claims, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(3).

257.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money to the State of Iowa, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(8).

258.    The State of Maryland, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

259.    As a result of Defendants' conduct, the State of Maryland has been damaged, and continues to be damaged, in an amount to be determined at trial.

56

260.    The State of Maryland is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XIX
### Massachusetts False Claims Act
### Mass. Gen. Laws ch. 12, §§ 5B(1), (2), (3) and (8)

261.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

262.    This is a civil action brought by Relator on behalf of the Commonwealth of Massachusetts against Defendants under the Massachusetts False Claims Act, Mass. Ann. Laws, ch. 12, § 5C(2).

263.    This is a claim for treble damages and penalties under the Massachusetts False Claims Act.

264.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval to the Commonwealth of Massachusetts or its political subdivisions, in violation of Mass. Ann. Laws, ch. 12, § 5B(1).

265.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false

records or statements to obtain payment or approval of claims by the Commonwealth of Massachusetts or its political subdivisions in violation of Mass. Ann. Laws, ch. 12, § 5B(2).

266.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the Commonwealth of Massachusetts by inducing it to approve and pay false and fraudulent claims, in violation of Mass. Gen. Laws ch. 12, § 5B(3).

267.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the Commonwealth of Massachusetts or one of its political subdivisions, in violation of Mass. Ann. Laws, ch. 12, § 5B(8).

268.    The Commonwealth of Massachusetts, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

269.    As a result of Defendants' conduct, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in an amount to be determined at trial.

270.    The Commonwealth of Massachusetts is entitled to the maximum for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XX
### Michigan Medicaid False Claims Act
### Mich. Comp. Laws serv. § 400.601, *et seq.*

271.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

272.    This is a civil action brought by Relator on behalf of the State of Michigan against Defendants under the State of Michigan Medicaid False Claims Act, Mich. Comp. Laws. Serv. § 400.610a(l).

273.    This is a claim for damages and penalties under the Michigan Medicaid False Claims Act. Mich. Comp. Laws. Serv. § 400.612(1)

274.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, or awareness of the nature of their conduct and awareness that it is substantially certain to cause the payment of a Medicaid benefit, made or caused to be made, and may still be making or causing to be made, a false statement or false representation of a material fact in an application for Medicaid benefits, in violation of Mich. Comp. Laws. Serv. § 400.603(1)

275.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, or awareness of the nature of their conduct and awareness that it is substantially certain to cause the payment of a Medicaid benefit, knowingly made or cause to be made a false statement or false representation

59

of a material fact for use in determining rights to a Medicaid benefit, in violation of Mich. Comp. Laws. Serv. § 400.603(2).

276.    Defendants, in possession of facts under which they are aware or should be aware of the nature of their conduct and that their conduct is substantially certain to cause the payment of a Medicaid benefit, knowingly presented or made or caused to be presented or made, and may still be presenting or causing to be presented a false claim under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, in violation of Mich. Comp. Laws. Serv. § 400.607(1).

277.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Michigan by inducing it to approve and pay false and fraudulent claims, in violation of Mich. Comp. Laws. Serv. § 400.606(1)

278.    Defendants, in possession of facts under which they are aware or should be aware of the nature of their conduct and that their conduct is substantially certain to cause the payment of a Medicaid benefit, knowingly made, used, or caused to be made or used a false record or statement, and may be continuing knowingly to make, use, or cause to be made or used a false record or statement, to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state pertaining to a claim presented under the social welfare act, in violation of Mich. Comp. Laws. Serv. § 400.607(3).

279.    The State of Michigan, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

60

280.    As a result of Defendants' conduct, the State of Michigan has been damaged, and continues to be damaged, in an amount to be determined at trial.

281.    The State of Michigan is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXI
## Minnesota False Claims Act,
## Minn. Stat. § 15c.01, *et seq.*

282.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

283.    This is a civil action brought by Relator on behalf of the State of Minnesota and its political subdivisions against Defendants under the State of Minnesota False Claims Act, Minn. Stat. § 15C.05(a).

284.    This is a claim for treble damages and penalties under the Minnesota False Claims Act. Minn. Stat. § 15C.02(a).

285.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented, or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval to an officer or employee of the state Minnesota or a political subdivision thereof, in violation of Minn. Stat. § 15C.02(a)(1).

61

286.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, a false record or statement to obtain payment or approval of false claims by the State of Minnesota or a political subdivision thereof, in violation of Minn. Stat. § 15C.02(a)(2).

287.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Minnesota by inducing it to approve and pay false and fraudulent claims, in violation of Minn. Stat. § 15C.02(a)(3).

288.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Minnesota, in violation of Minn. Stat. § 15C.02(a)(7).

289.    The State of Minnesota, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

290.    As a result of Defendants' conduct, the State of Minnesota has been damaged, and continues to be damaged, in an amount to be determined at trial.

291.    The State of Minnesota is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXII
### Montana False Claims Act,
### Mont. Code ann. § 17-8-401, *et seq.*

292.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

293.    This is a civil action brought by Relator on behalf of the State of Montana against Defendants under the State of Montana False Claims Act, Mont. Code Ann. § 17- 8-406(1).

294.    This is a claim for treble damages and penalties under the Montana False Claims Act. Mont. Code Ann. § 17-8-403(l)

295.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval to an officer or employee of a governmental entity, in violation of Mont. Code Ann. § 17-8-403(l)(a).

296.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false

63

records or statements to get a false claim paid or approved by a governmental entity, in violation of Mont. Code Ann. § 17-8-403(1)(b).

297.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Montana by inducing it to approve and pay false and fraudulent claims, in violation of Mont. Code Ann. § 17-8-403(l)(c).

298.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Montana or one of its political subdivisions or contractors, in violation of Mont. Code Ann. § 17-8-403(l)(g).

299.    The State of Montana, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

300.    As a result of Defendants' conduct, the State of Montana has been damaged, and continues to be damaged, in an amount to be determined at trial.

301.    The State of Montana is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXIII**

64

**Nevada Submission of False Claims to State or Local Government Act,**
**Nev. Rev. Stat. § 357.010, *et seq.***

302.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

303.    This is a civil action brought by Relator on behalf of the State of Nevada against Defendants under the State of Nevada Submission of False Claims to State or Local Government Act, Nev. Rev. Stat. § 357.080(1).

304.    This is a claim for treble damages and penalties under the Nevada Submission of False Claims to State or Local Government Act. Nev. Rev. Stat. § 357.040(2)(a).

305.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval, in violation of Nev. Rev. Stat. § 357.040(l)(a).

306.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to obtain payment or approval for false claims in violation of Nev. Rev. Stat. § 357.040(1)(b).

65

307.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of Nevada by inducing it to approve and pay false and fraudulent claims, in violation of Nev. Rev. Stat. § 357.040(1)(i).

308.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Nevada or one of its political subdivisions, in violation of Nev. Rev. Stat. § 357.040(1)(g).

309.    The State of Nevada, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

310.    As a result of Defendants' conduct, the State of Nevada has been damaged, and continues to be damaged, in an amount to be determined at trial.

311.    The State of Nevada is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXIV
### New Hampshire Medicaid False Claims Act,
### N.H. Rev. Stat. Ann. § 167:61-b, *et. seq.*

312.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

66

313.    This is a civil action brought by Relator on behalf of the State of New Hampshire against Defendants under the State of New Hampshire Medicaid False Claims Act, N.H. Rev. Stat. Ann. § 167:61-c(a).

314.    This is a claim for treble damages and penalties under the New Hampshire Medicaid False Claims Act. N.H. Rev. Stat. Ann. § 167:61-b(I).

315.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, a false claim for payment or approval to an officer or employee of the department, in violation of N.H. Rev. Stat. Ann. § 167:61-b(I)(A).

316.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to get a false or fraudulent claim paid or approved by the department, in violation of N.H. Rev. Stat. Ann. § 167:61-b(I)(B).

317.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the State of New Hampshire by inducing it to approve and pay false and fraudulent claims, in violation of N.H. Rev. Stat. Ann. § 167:61-b(I)(C)

318.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used,

or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the department, in violation of N.H. Rev. Stat. Ann. § 167:61-b(I)(e).

319.     The State of New Hampshire, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

320.     As a result of Defendants' conduct, the State of New Hampshire has been damaged, and continues to be damaged, in an amount to be determined at trial.

321.     The State of New Hampshire is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXV
### New Jersey False Claims Act
### N.J. Stat. Ann. §§ 2A:32C-3, *et seq.*

322.     Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

323.     This is a civil action brought by Relator, in the name of the State of New Jersey, against Defendants pursuant to the State of New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-5(b).

324.     This is a claim for treble damages and penalties under the New Jersey False Claims Act. N.J. Stat. Ann. § 2A:32C-3.

68

325.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval to an employee, officer, or agent of the State of New Jersey, or to any contractor, grantee, or other recipient of State funds , in violation of N.J. Stat. Ann. § 2A:32C-3(a).

326.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to get a false or fraudulent claim paid or approved by the State of New Jersey, in violation of N.J. Stat. Ann. § 2A:32C-3(b).

327.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants conspired to defraud the New Jersey State Government by inducing it to approve and pay false and fraudulent claims, in violation of N.J. Stat. Ann. § 2A:32C-3(c).

328.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of New Jersey or one of its political subdivisions, in violation of N.J. Stat. Ann. § 2A:32C-3(g).

69

329.    The State of New Jersey, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

330.    As a result of Defendants' conduct, the State of New Jersey has been damaged, and continues to be damaged, in an amount to be determined at trial.

331.    The State of New Jersey is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXVI
## New Mexico Medicaid False Claims Act,
## N.M. Stat. Ann. § 27-14-1, *et seq.*

332.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

333.    This is a civil action brought by Relator on behalf of the State of New Mexico against Defendants under the State of New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-7(B).

334.    This is a claim for treble damages and penalties under the New Mexico Medicaid False Claims Act. N.M. Stat. Ann. § 27-14-4.

335.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or

70

caused to be presented, and may still be presenting or causing to be presented, a false or fraudulent claim for payment under the Medicaid program, in violation of N.M. Stat. Ann. § 27-14-4(A).

336.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to obtain false or fraudulent claims under the Medicaid program paid for or approved by the state, in violation of N.M. Stat. Ann. § 27-14-4(C).

337.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of New Mexico by inducing it to approve and pay false and fraudulent claims. N.M. Stat. Ann. § 27-14-4(D).

338.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of New Mexico or one of its political subdivisions, relative to the Medicaid program, in violation of N.M. Stat. Ann. § 27-14-4(E).

339.    The State of New Mexico, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

71

340.     As a result of Defendants' conduct, the State of New Mexico has been damaged, and continues to be damaged, in an amount to be determined at trial.

341.     The State of New Mexico is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXVII
### New York State False Claims Act
### New York State Finance Law §187 *et seq*

342.     Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

343.     This is a civil action brought by Relator, on behalf of the State of New York, against Defendants pursuant to the New York False Claims Act, N.Y. State Fin. Law § 190(2).

344.     This is a claim for treble damages and penalties under the New York State False Claims Act. N.Y. State Fin. Law § 189(1)(h).

345.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval, in violation of N.Y. State Fin. Law § 189(1)(a).

346.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly made, used or caused to be made or used, and may still be making, using or causing to be made or

72

used, false records or statements material to false or fraudulent claims, in violation of N.Y. State Fin. Law § 189(1)(b).

347.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of New York by inducing it to approve and pay false and fraudulent claims. N.Y. State Fin. Law § 189(1)(c)(h)

348.    The State of New York, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

349.    As a result of Defendants' conduct, the State of New York has been damaged, and continues to be damaged, in an amount to be determined at trial.

350.    The State of New York is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXVIII
### North Carolina False Claims Act,
### N.C. Gen.. Stat. § 1-605, *et seq.*

351.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

352.    This is a civil action brought by Relator on behalf of the State of North Carolina against Defendants under the State of North Carolina False Claims Act, N.C. Gen. Stat. § 1-608(b).

73

353.    This is a claim for treble damages and penalties under the North Carolina False Claims Act. N.C. Gen. Stat. § 1-607(a).

354.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval, in violation of N.C. Gen. Stat. § 1-607(a)(1).

355.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records material to false or fraudulent claims, in violation of N.C. Gen. Stat. § 1- 607(a)(2).

356.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the State of North Carolina in violation of N.C. Gen. Stat. § 1-607(a)(7).

357.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of North Carolina by inducing it to approve and pay false and fraudulent claims. N.C. Gen. Stat. § 1-607(a)(3).

358.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or

74

improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the State of North Carolina in violation of N.C. Gen. Stat. § 1-607(a)(7).

359.    The State of North Carolina, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

360.    As a result of Defendants' conduct, the State of North Carolina has been damaged, and continues to be damaged, in an amount to be determined at trial.

361.    The State of North Carolina is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXIX
### Oklahoma Medicaid False Claims Act,
### Okla. Stat. Tit. 63, § 5053 (2007), *et seq.*

362.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

363.    This is a civil action brought by Relator, on behalf of the State of Oklahoma, against Defendants pursuant to the State of Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63, § 5053.2(B).

364.    This is a claim for treble damages and penalties under the Oklahoma Medicaid False Claims Act. Okla. Stat. tit. 63, § 5053.1(B)

75

365.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be making or causing to be presented, to an officer or employee of the State of Oklahoma, false or fraudulent claims for payment or approval under the Oklahoma Medicaid program, in violation of Okla. Stat. tit. 63, § 5053.1(B)(1).

366.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records and statements to get false or fraudulent claims paid or approved by the state of Oklahoma, in violation of Okla. Stat. tit. 63, § 5053.1(B)(2).

367.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of Oklahoma by inducing it to approve and pay false and fraudulent claims. Okla. Stat. tit. 63, § 5053.1(B)(3).

368.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the state, in violation of Okla. Stat. tit. 63, § 5053.1(B)(7).

369.    The State of Oklahoma, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

370.    As a result of Defendants' conduct, the State of Oklahoma has been damaged, and continues to be damaged, in an amount to be determined at trial.

371.    The State of Oklahoma is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXX**
**Rhode Island False Claims Act,**
**R.I. Gen. Laws § 9-1.1-1, *et seq*.**

372.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

373.    This is a civil action brought by Relator, on behalf of the State of Rhode Island, against Defendants pursuant to the State of Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-4(b).

374.    This is a claim for treble damages and penalties under the Rhode Island False Claims Act. R.I. Gen. Laws § 9-1.1-3(a)(7).

375.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, to an officer or

77

employee of the state of Rhode Island false or fraudulent claims for payment or approval under the Rhode Island Medicaid program, in violation of R.I. Gen. Laws § 9-1.1-3(a)(1).

376.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements to get false or fraudulent claims paid or approved by the state of Rhode Island , in violation of R.I. Gen. Laws § 9-1.1-3(a)(2).

377.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of Rhode Island by inducing it to approve and pay false and fraudulent claims. R.I. Gen. Laws § 9-1.1-3(a)(3).

378.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the state, in violation of R.I. Gen. Laws § 9-1.1-3(a)(7).

379.    The State of Rhode Island, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

380.    As a result of Defendants' conduct, the State of Rhode Island has been damaged, and continues to be damaged, in an amount to be determined at trial.

78

381.    The State of Rhode Island is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXXI
### Tennessee Medicaid False Claims Act,
### Tenn. Code ann. § 71-5-181, *et seq*

382.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

383.    This is a civil action brought by Relator on behalf of the State of Tennessee against Defendants under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-183(b)(1).

384.    This is a claim for treble damages and penalties under the Tennessee Medicaid False Claims Act. Tenn. Code Ann. § 71-5-183(a)(1).

385.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, to the State of Tennessee false or fraudulent claims for payment or approval under the Tennessee Medicaid program, in violation of Tenn. Code Ann. § 71-5-182(a)(l)(A).

386.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to false or fraudulent claims to get false or fraudulent claims under

the Medicaid program paid for or approved by the State of Tennessee, in violation of Tenn. Code Ann. § 71-5-182(a)(l)(B).

387.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to obligations to pay or transmit money, or property to the State of Tennessee, relative to the Medicaid program, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(D).

388.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of Tennessee by inducing it to approve and pay false and fraudulent claims. Tenn. Code Ann. § 71-5-182(a)(1)(C).

389.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the State of Tennessee, relative to the Medicaid program, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(D).

390.    The State of Tennessee, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

391.    As a result of Defendants' conduct, the State of Tennessee has been damaged, and continues to be damaged, in an amount to be determined at trial.

80

392.    The State of Tennessee is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXXII
### Texas Medicaid Fraud Prevention Law
### Tex. Hum. Res. Code Ann. §§ 36.001, *et seq.*

393.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

394.    This is a civil action brought by Relator, on behalf of the State of Texas against Defendants pursuant to the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ann. § 36.101(a).

395.    This is a claim for double damages and penalties under the Texas Medicaid Fraud Prevention Law. Tex. Hum. Res. Code Ann. § 36.052(4).

396.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly made or caused to be made, and may still be making or causing to be made, false statements or misrepresentations of material fact that permitted Defendants to receive a benefit or payment under the Medicaid program that was not authorized or that was greater than the benefit or payment that was authorized, in violation of Tex. Hum. Res. Code Ann. § 36.002(1).

397.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly

81

concealed or failed to disclose, or caused to be concealed or not disclosed—and may still be concealing or failing to disclose, or causing to be concealed or not disclosed—information that permitted Defendants to receive a benefit or payment under the Medicaid program that was not authorized or that was greater than the payment that was authorized, in violation of Tex. Hum. Res. Code Ann. § 36.002(2).

398.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly concealed or failed to disclose, or caused to be concealed or not disclosed—and may still be concealing or failing to disclose, or causing to be concealed or not disclosed—information that permitted Defendants to receive a benefit or payment under the Medicaid program that was not authorized or that was greater than the payment that was authorized, in violation of Tex. Hum. Res. Code Ann. § 36.002(2).

399.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly made, caused to be made, induced or sought to induce—and may still be making, causing to be made, inducing or seeking to induce—false statements or misrepresentations of material fact concerning information required to be provided by a federal or state law, rule, regulation or provider agreement pertaining to the Medicaid program, in violation of Tex. Hum. Res. Code Ann. § 36.002(4)(B).

400.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of Texas by inducing it to approve and pay false and fraudulent claims, in violation of Tex. Hum. Res. Code Ann. § 36.002(9).

401.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, knowingly made or caused to be made, and may still be making or causing to be made, claims under the Medicaid program for services or products that were inappropriate, in violation of Tex. Hum. Res. Code Ann. § 36.002(7)(C).

402.    The State of Texas, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

403.    As a result of Defendants' conduct, the State of Texas has been damaged, and continues to be damaged, in an amount to be determined at trial.

404.    The State of Texas is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXIII
### Commonwealth of Virginia Fraud Against Taxpayers Act,
### Va. Code Ann. § 8.01-216.1, *et seq.*

405.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

83

406.     This is a civil action brought by Relator on behalf of the Commonwealth of Virginia against Defendants under the Commonwealth of Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.5(A).

407.     This is a claim for treble damages and penalties under the Commonwealth of Virginia Fraud Against Taxpayers Act. Va. Code Ann. § 8.01-216.3(A)(7).

408.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, to an officer or employee of the Commonwealth, a false or fraudulent claim for payment or approval, in violation of Va. Code Ann. § 8.01-216.3(A)(l).

409.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to false or fraudulent claims to get false or fraudulent claims paid or approved by the Commonwealth, in violation of Va. Code Ann. § 8.01- 216.3(A)(2).

410.     Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the Commonwealth, in violation of Va. Code Ann. § 8.01-216.3(A)(7).

411.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the Commonwealth of Virginia by inducing it to approve and pay false and fraudulent claims, in violation of Va. Code Ann. § 8.01-216.3(A)(3).

412.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the Commonwealth, in violation of Va. Code Ann. § 8.01-216.3(A)(7).

413.    The Commonwealth of Virginia, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

414.    As a result of Defendants' conduct, the Commonwealth of Virginia has been damaged, and continues to be damaged, in an amount to be determined at trial.

415.    The Commonwealth of Virginia is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXXIV**
**Washington Medicaid Fraud False Claims Act,**
**Wash. Rev. Code § 74.66.005, *et seq.***

416.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

85



417.    This is a civil action brought by Relator on behalf of the State of Washington against Defendants under the Washington State Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.050(1).

418.    This is a claim for treble damages and penalties under the Washington Medicaid Fraud False Claims Act. Wash. Rev. Code § 74.66.050(1).

419.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment or approval under the State of Washington Medicaid program, in violation of Wash. Rev. Code § 74.66.020(1)(a).

420.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to false or fraudulent claims to get false or fraudulent claims paid or approved by the State of Washington Medicaid program, in violation of Wash. Rev. Code § 74.66.020(1)(b).

421.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used or caused to be made or used, and may still be making, using or causing to be made or used, false

records or statements material to obligations to pay or transmit money or property to the State of Washington Medicaid program, in violation of Wash. Rev. Code § 74.66.020(1)(g).

422.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the State of Washington by inducing it to approve and pay false and fraudulent claims, in violation of Wash. Rev. Code § 74.66.020(1)(c).

423.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the State of Washington Medicaid program, in violation of Wash. Rev. Code § 74.66.020(1)(g).

424.    The State of Washington, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

425.    As a result of Defendants' conduct, the State of Washington has been damaged, and continues to be damaged, in an amount to be determined at trial.

426.    The State of Washington is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXXV**
**California Insurance Frauds Prevention Act,**
**Cal. Ins. Code §§ 1871.7 *et seq.***

87

427.    Relator repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

428.    This is a civil action brought by Relator on behalf of the California Department of Insurance against Defendants under the California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871.7(e)(1)

429.    This is a claim for treble damages and penalties under the California Insurance Frauds Prevention Act. Cal. Ins. Code §§ 1871.7(b)

430.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, presented or caused to be presented, and may still be presenting or causing to be presented, false or fraudulent claims for payment, in violation of Cal. Penal Code § 550(a)(6),(7),(8).

431.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements material to false or fraudulent claims to get false or fraudulent claims paid, in violation of Cal. Penal Code § 550(a)(6), (7), (8).

432.    Through the acts more particularly set forth in the foregoing paragraphs, Defendants knowingly conspired to defraud the California Department of Insurance by inducing it to approve and pay false and fraudulent claims, in violation of Cal. Penal Code § 550(a).

433.    Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property, in violation of Cal. Penal Code § 550(b)(3).

434.    The California Department of Insurance, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, has paid and continues to pay claims that would not be paid but for Defendants' wrongful conduct.

435.    As a result of Defendants' conduct, the California Department of Insurance has been damaged, and continues to be damaged, in an amount to be determined at trial.

436.    The California Department of Insurance is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants

## PRAYERS FOR RELIEF

WHEREFORE, for each of these claims, Relator, on behalf of the United States of America and the Plaintiff States, requests the following relief from each of the Defendants, jointly and severally, pursuant to the federal and state statutes:

a.    For judgment against Defendants and in favor of the United States and the Plaintiff States for treble damages, expenses, attorneys' fees, and costs in connection with this action;

89

b.  For judgment against Defendants and in favor of the United States and the Plaintiff States for civil penalties in statutorily determined amounts for each false claim;

c.  For an award to Relator for the maximum *qui tam* relator's portion permitted under the FCA and the Plaintiff States;

d.  For an award to Relator for his reasonable expenses, attorneys' fees, and costs incurred in connection with this action; and

e.  Relator be awarded such other and further relief as this Court may deem just and proper;

90

## DEMAND FOR JURY TRIAL

Relator hereby demands a trial by jury as to all issues.

Respectfully Submitted:

William L. Hurlock
Brian M. Dernulc
MUELLER LAW, LLC
363 Bloomfield Ave, 2-C
Montclair, NJ 07042
Tel: (973) 556-8290
Fax: (973) 509-9521
william.hurlock@muellerlaw.com
ATTORNEYS FOR RELATOR

91